UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:10-CV-018 (CEJ) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to reverse and remand and for entry of final judgment. Plaintiff does not object to this action being remanded.

On October 13, 2006, plaintiff Gary Miller filed an application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, with an alleged onset date of April 1, 2006. (Tr. 6). After plaintiff's application was denied on initial consideration (Tr. 63-67), he requested a hearing from an Administrative Law Judge (ALJ). (Tr. 69). The hearing was held on June 30, 2008. (Tr. 18). Plaintiff was represented by counsel. Id. The ALJ issued an unfavorable decision on August 13, 2008. (Tr. 6-13). The Appeals Council denied plaintiff's request for review on December 31, 2009. (Tr. 1-3).

In the instant motion, defendant states that the agency counsel requested the Appeals Council to reconsider the Commissioner's decision. Defendant states that, upon further review, the Appeals Council determined that remand was appropriate. As such, defendant asks the Court to remand this action to the Commissioner, who will remand the case to an ALJ. Then, the Appeals Council will direct the ALJ to consider plaintiff's mental limitations, including his moderate limitations in maintaining social

functioning, in determining plaintiff's residual functional capacity. If necessary, the ALJ will also obtain vocational expert evidence regarding plaintiff's ability to perform other work in the national economy.

The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 504(g). "However, in order for the Court to properly remand a case to the Commissioner pursuant to sentence four, the court must enter an order either affirming, modifying, or reversing the Commissioner's decision." Gibbar v. Astrue, No. 1:07CV156 LMB, 2008 WL 922307, *1 (E.D. Mo. Mar. 31, 2008) (citing Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002)). Upon consideration, the Court believes that it is appropriate to reverse and remand this action in order to permit the Commissioner to take further action as requested in his motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reverse and remand and for entry of final judgment with suggestions in support [Doc. #11] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2010.